THE STATE OF NEW JERSEY, PROSECUTOR, v. CHRISTO-
PHER VERDON, RESPONDENT.

Submitted March 18, 1920—Decided June 14, 1920.

1. Where a writ of *certiorari*, directing the Quarter Sessions to re-
   turn into this court the proceedings in a criminal case, is allowed
   after a verdict of guilty, but before final judgment thereon, and
   no reason appearing why the Quarter Sessions cannot proceed
   to judgment, the only use of the writ being as a substitute for a
   writ of error, this court may in its discretion treat it as prema-
   turely sealed, and ought to do so when the only questions raised
   or argued are cognizable under a writ of error, to which defend-
   ant is entitled.
2. A writ of *certiorari*, when used as a substitute for a writ of
   error, is governed by the same principles as the latter, one being
   that a final judgment is requisite.
3. While this court has the power to bring before it by *certiorari*
   an indictment, and all proceedings relating thereto before final
   judgment, it ought not to be exercised when the only judicial
   function required of this court is the entry of a judgment on the
   verdict, when no reason appears why that cannot be done by the
   trial court, and where such appears to be the case this court
   should, in its discretion, dismiss the writ and remand the pro-
   ceedings to the trial court to pronounce the final judgment.

On *certiorari*.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutor, *Pierre P. Garven*.

For the respondent, *Robert Carey*.

The opinion of the court was delivered by

BERGEN, J. The record before us in this case shows that
the defendant was indicted for embezzlement in the Hudson
County Court of Quarter Sessions, tried and found guilty by
the jury, but that no judgment has ever been entered; that
after the verdict a writ of *certiorari* was allowed by one of
the justices of this court, who presided at the trial, which

after reciting that a verdict of guilty with a recommendation for mercy was returned by the jury, and that "the court has refused to proceed to judgment on that finding without the advice of the Supreme Court first had and obtained," commanded that the record and all of the proceedings had upon said trial be certified and sent to this court, "that therein may be done what of right and according to the laws of this state should be done." In obedience to this command, the Court of Quarter Sessions has returned the record which shows the trial and the verdict of the jury. On the face of the writ of *certiorari* it appears to be prosecuted at the instance of the prosecutor of the pleas, and under the law he is not required to give any reasons, although the defendant, if prosecuting, would. On behalf of the state, the prosecutor of the pleas filed a number of reasons "why sentence should be imposed and judgment final entered against the defendant." Five of the reasons are directed to the sufficiency of the indictment, some objection having been made to it after the jury was sworn. The residue relate to the inferences to be drawn from the evidence. The defendant filed a great many reasons why "judgment should not be entered on the record in this cause and why the verdict should be set aside," all of which relate to alleged errors in the admission of testimony, its weight, and the charge of the court. The purpose of the writ, as argued, is to review proceedings at the trial, and is nothing more than a substitute for a writ of error, or for a motion for a new trial, in a criminal case. It is not for the purpose of quashing the indictment, because the objection was not made until after the jury had been impaneled and sworn, nor is it claimed that the trial court could not enter judgment because of any disagreement between the trial judges, as in some cases. The allowance of the writ by a justice of this court is the action of the court which may properly exercise its discretion, even after the return to dismiss the writ, and may do so on its own motion. *State* v. *Kingsland*, 23 N. J. L. 85. We are met at the threshold of the consideration of this cause with the question whether a writ of *certiorari* should be allowed as a substitute for a writ of error in a criminal case

before judgment, and we are of the opinion that it ought not to issue. There is no doubt about the power of this court to remove an indictment to it before judgment, if necessary, to the due administration of the law. *Zabriskie* v. *State*, 43 *Id.* 640. But, in that case, Mr. Justice Van Syckel, speaking for the Court of Errors and Appeals, said: "All that can be reviewed here is the question of power. We cannot consider whether the Supreme Court, in the exercise of a wise discretion, should have sent the case back to the Sessions to impose the judgment of the law." The question involved in this matter is not one of power, but the exercise of wise discretion in dealing with this record. We are not dealing in this cause with an arbitrary refusal or any inability of the trial court to enter judgment, but because it desires the opinion of the Supreme Court upon the character of the judgment to be entered, and if this writ be dismissed, and the record remanded to the Quarter Sessions, there is not the slightest doubt but that court will proceed to judgment. There is no judgment before us to affirm or reverse; all this court is asked to do is to determine whether there should be a new trial because of a refusal to direct for defendant for want of sufficient evidence, and that we ought not to consider. In *Hinchman* v. *Cook*, 20 *Id.* 271, Chief Justice Hornblower said: "A writ of error * * * or a *certiorari* * * * cannot go for a part of the record, nor before final judgment," and in *Mowery* v. *Camden*, 49 *Id.* 106, Mr. Justice Dixon said: "When a *certiorari* is used as a statutory substitute for a writ of error, it cannot legally issue until final judgment below." In *Hoxsey* v. *Woodruff*, 39 *Id.* 72, the Supreme Court said: "It is not a proper use of the writ to intercept and remove for review the steps in a procedure, preliminary to a decision or final resolution therein, except when the court issuing the writ can continue the proceedings to a completion." The Court of Errors and Appeals on review of this case (*Id.* 489) said: "But this rule is not in uniform force. Its operation is properly confined to those cases where the office of the writ is in the nature of that of a writ of error, and when, therefore, an allowance is governed by the same

principles." See, also, *Farrow* v. *Springer,* 57 *Id.* 353, and *State* v. *Ham,* 65 *Id.* 464. We think that the practice of removing an indictment by *certiorari* to this court after verdict and before final judgment in the Oyer and Terminer, or Quarter Sessions, where nothing remains to be done but the imposition of sentence and entry of judgment thereon, unless the trial court is for any reason unable to perform that function, should not be encouraged, for the use of such a writ to accomplish that purpose, in ordinary cases, would not be conducive to the due administration of justice. If the purpose of the writ in this case was to certify the case to this court for advice, as the writ seems to indicate, no question is properly presented to obtain that result, even if such a proceeding is warranted because the presiding judge at the Quarter Sessions was a justice of this court, under *State* v. *Halliard,* 43 *Id.* 478. But the writ in this case was clearly used as a substitute for a writ of error, for the only question raised by the reasons filed and on the argument, were those cognizable on a writ of error, of the right to which it does not appear defendant has been deprived, and we think it ought not to be allowed before final judgment in the Quarter Sessions. We are of opinion that under the circumstances presented by this record we should exercise our discretionary power and dismiss the writ. It is, therefore, ordered that the writ be dismissed and the record remanded to the Hudson County Court of Quarter Sessions, to be there proceeded with according to law.